UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 06-116-HRW

GEORGE ANDERSON and
GAY REBECCA ANDERSON, PLAINTIFFS,

v. **ORDER**

RIDGE TOOL COMPANY and
EMERSON ELECTRIC COMPANY, DEFENDANTS.

This matter is before the Court upon Defendants' Motion for Partial Summary Judgment [Docket No. 35].

Pursuant to 28 U.S.C. § 636(b), the undersigned referred the motion to Magistrate Judge Edward B. Atkins for a report and recommendation [Docket No. 57].

On March 12, 2008, the Magistrate issued his report and recommendation that the motion be sustained [Docket No. 63]. Specifically, he found that Defendant Emerson Electric Co., is not a proper party to this action as it cannot be held liable for the acts of its subsidiary, Ridge Tool Company. Magistrate Atkins further found that Plaintiffs' breach of warranty claim against Defendant Ridge Tool Company fails for lack of privity. With regard to Plaintiffs' failure to warn claim against Ridge Tool Company, the Magistrate found that they cannot carry

their burden of establishing the necessary element of proximate cause.

Plaintiffs filed timely and particularized objections in which they take exception only to the portion of the Magistrate's report which recommends dismissal of their claim for failure to warn [Docket No. 64].

The Court having reviewed the objections, as well as the record, finds nothing therein which would contradict or call into question the findings of the Magistrate. The Objections are, essentially, a reiteration of the arguments set forth in Plaintiffs' response to Defendants' motion [Docket No. 36]. Those arguments were considered and rejected by the Magistrate Judge and Plaintiffs offer no additional argument or case law which would persuade this Court to differ with the Magistrate Judge's findings in this regard. There is simply no proof in the record which would support a finding that the content of the warning is causally connect to the accident. Without such proof, Plaintiffs' failure to warn claim fails as a matter of law.

Thus, the Court shall adopt the report and recommendation as and for its own opinion.

Accordingly, **IT IS HEREBY ORDERED**:

1) that the Magistrate Judge's report and recommendation [Docket No. 63] is hereby, **APPROVED and ADOPTED** as for the

2

opinion of the Court;

2) that in conformity therewith, the Defendants' Motion for Partial Summary Judgment [Docket No. 35] is hereby **SUSTAINED**;

3) that Plaintiffs' claims against Defendant Emerson Electric Company be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket; and

4) that Plaintiff's claims based upon Defendant Ridge Tool Company's alleged breach of warranty and failure to warn be **DISMISSED WITH PREJUDICE**.

This __30__ day of April, 2008.

Henry R. Wilhoit, Jr., Senior Judge